IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID MURPHY,

        Plaintiff,                      No. CIV S- 10-0097 GEB GGH

    vs.

CHIPOTLE MEXICAN GRILL, INC.,     <u>ORDER</u>

        Defendant.

_____/

        The parties have sought to have the court sign a protective order where documents designated by the parties as "confidential," or "highly confidential" are automatically filed under seal. Some protective orders enable the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed. The protective order submitted by the parties has the same potential problem. This court will not approve a protective order giving blanket authority to the parties to designate what shall be filed under seal.[1] Also, the proposed protective order, perhaps inadvertently, purports to require court personnel to sign a document indicating "assent" to the provisions of the protective order.

        Discovery information disclosed in court filings generally is available to the

---

[1] E.D. Cal. L.R. 140 and 141 deal with procedures to seal and not with the substantive standards for sealing.

1

public.  See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public").[2]

Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery.  United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).  The court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense.  B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979).  Good cause, however, is required to obtain a protective order.  Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary").

"Good cause" to bar the public from litigation documents must be more than mere desire.  The party seeking protection must show specific prejudice or harm, including, with respect to individual documents, particular and specific need.  Id.; San Jose Mercury News, Inc., 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:88.  "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary."  Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

Indeed, when a protective order seeks to protect judicial records in dispositive matters from public scrutiny, a higher "compelling reasons" standard applies – even "good cause" is insufficient.  Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 678 (9th Cir. 2010).

---

[2] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery and which has not been filed with the court.  Seattle Times v. Rhinehart, 467 U.S. 20, 33, 37, 104 S. Ct. 2199, 2207, 2209 (1984).

Accordingly, if the parties desire a protective order to be filed in this court, the parties shall submit a protective order which permits a filing under seal only upon a particularized showing of good cause, or if the information sought to be protected is to be used in potentially dispositive matters, a showing of compelling reasons. The order shall also delete any required assent of court personnel to the provisions of the protective order.

IT IS SO ORDERED.

Dated: January 5, 2011              /s/ Gregory G. Hollows
                                      U.S. Magistrate Judge

GGH:076/Murphy0097.po.wpd