1  LAW OFFICES OF JACK D. JOSEPHSON, APC
   Jack D. Josephson (State Bar No. 201488)
2  jack@jacklaw.com
   Daniel J. Goularte (State Bar No. 256062)
3  goularte.law@gmail.com
   3580 Wilshire Boulevard, Suite 1260
4  Los Angeles, California 90010
5  Tel.: (213) 738-5225     Fax: (213) 738-5377

6  Attorneys for Plaintiff
   DAVID MURPHY
7

**FILED**

8  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Mary E. Wright (State Bar No. 142886)
9  mary.wright@ogletreedeakins.com

FEB 2 2 2011

   Steuart Tower, Suite 1300
10 One Market Plaza

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

11 San Francisco, California 94105
   Tel.: (415) 442-4810     Fax: (213) 442-4870
12

13 MESSNER & REEVES, LLC
   Charles C. Cavanagh (State Bar No. 198468)
14 ccavanagh@messner.com
   1430 Wynkoop Street, Suite 300
15 Denver, Colorado 80202
   Tel.: (303) 623-1800     Fax: (303) 623-0552
16

17 Attorneys for Defendant
   CHIPOTLE MEXICAN GRILL, INC.
18

19                    UNITED STATES DISTRICT COURT

20                    EASTERN DISTRICT OF CALIFORNIA

21                                    )  Case No. 2:10-CV-00097-GEB-GGH
                                      )
22 DAVID MURPHY,                      )
                                      )
23        Plaintiff,                  )  **AMENDED STIPULATED PROTECTIVE**
                                      )  **ORDER**
24        v.                          )
                                      )
25                                    )
   CHIPOTLE MEXICAN GRILL, INC., and  )
26    DOES 1 to 100, inclusive,       )
                                      )
27        Defendants.                 )
                                      )
28

                                  - 1 -

1                    <u>**STIPULATED PROTECTIVE ORDER**</u>

2          WHEREAS the parties in the above-captioned action believe that some of the information

3    that will be disclosed through discovery and in the course of supporting or opposing motions may

4    constitute, contain or reflect private, confidential, trade secret, proprietary, technical, scientific,

5    business or financial information of a party or of a non-party;

6          WHEREAS the parties desire to establish a mechanism to protect the disclosure of such

7    information in this action;

8          Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY**

9    **ORDERED THAT:**

10         1.      **Definitions**:  For purposes of this Protective Order, the following definitions shall

11   apply:

12              (a)     <u>Document</u>.  The term "document" shall have the full meaning ascribed to it

13         by the Federal Rules of Civil Procedure and shall include, without limitation, any records,

14         exhibits, reports, samples, transcripts, electronic mail ("e-mail"), video or audio recordings,

15         affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports,

16         answers to interrogatories, responses to requests for admissions or motions, including copies

17         or computer-stored versions of any of the foregoing.

18              (b)     <u>Disclosing Party</u>.  The term "Disclosing Party" is defined herein as any party

19         or non-party who is requested to produce or produces documents, materials or testimony

20         containing Confidential Material.

21              (c)     <u>Receiving Party</u>.  The term "Receiving Party" is defined herein as any party

22         to whom documents, materials or testimony containing Confidential Material is provided.

23              (d)     <u>Confidential Material</u>.  The term "Confidential Material" refers collectively

24         to CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION.

25              (e)     <u>Confidential Information</u>.  The term "CONFIDENTIAL INFORMATION" is

26         defined herein as information that has not been made public, the disclosure of which the

27         Disclosing Party reasonably and in good faith contends could cause harm to the personal

28         interests or business operations of the Disclosing Party or provide improper advantage to

-2-

1    others, including, but not limited to, trade secrets within the meaning of the Uniform Trade

2    Secrets Act. CONFIDENTIAL INFORMATION may also include non-public personal or

3    private information, such as protected health information, medical records, psychological

4    records and personnel records.

5         (f)    Highly Confidential Information. The term "HIGHLY CONFIDENTIAL

6    INFORMATION" is defined herein as CONFIDENTIAL INFORMATION that is technical,

7    commercial, financial or marketing in nature and that the Disclosing Party reasonably and in

8    good faith believes is so highly sensitive that its disclosure to a Receiving Party would

9    reveal significant business or financial advantages of the Disclosing Party. It includes,

10   without limitation, information that the designating party reasonably and in good faith

11   believes relates to (1) current business/strategic plans, (2) trade secrets within the meaning

12   of the Uniform Trade Secrets Act that would provide a significant business or financial

13   advantage to the Receiving Party, (3) technical product specifications and information, (4)

14   sales, cost and price information including future sales/financial projections, (5) non-public

15   marketing information including future marketing plans, (6) detailed sales and financial

16   data, (7) customer lists, or (8) other information of competitive, technical, financial, or

17   commercial significance comparable to the items listed in this paragraph.

18        (g)    Outside Service Organization. The term "Outside Service Organization" is

19   defined herein as an individual or organization that provides photocopying, document

20   processing, electronic discovery, translation or graphics services to counsel as part of the

21   ordinary course of the discovery, motion practice, trial preparation or trial of this action.

22        (h)    Support Staff. The term "Support Staff" is defined herein as employees of

23   counsel for the parties or their Consultants, including paralegals, clerical personnel and

24   secretarial personnel.

25        (i)    Action. The term "Action" is defined herein as the matter of *David Murphy*

26   *v. Chipotle Mexican Grill, Inc.*, Case No. 2:10-CV-00097-GEB-GGH, pending in the United

27   States District Court for the Eastern District of California.

28

- 3 -

1        2.     **Applicability of Protective Order**: If, in the course of this litigation, a party

2    undertakes or is caused to disclose what the Disclosing Party contends is Confidential Material (i.e.,

3    CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION) the

4    procedures set forth herein shall be employed and the disclosure thereof shall be subject to this

5    Protective Order.  Confidential Material shall be used solely in the preparation, prosecution or trial

6    of this Action.

7        3.     **Other Cases**:  By entering this Protective Order and limiting the disclosure of

8    information in this case, the Court does not intend to preclude another court from finding that

9    information may be relevant and subject to disclosure in another case.  Any person or Receiving

10    Party subject to this Protective Order who becomes subject to a motion to disclose another party's

11    information designated as Confidential Material pursuant to this Protective Order, shall promptly

12    notify the Disclosing Party of the motion so that the Disclosing Party may have an opportunity to

13    appear and be heard on whether that information should be disclosed.

14        4.     **Disclosure Prohibited**: Confidential Material or the substance or context thereof,

15    including any notes, memoranda or other similar documents relating thereto, shall not be disclosed

16    or summarized, either in writing or orally, by a Receiving Party to anyone other than persons

17    permitted to have access to such information under this Protective Order.  Nothing in this Protective

18    Order shall limit disclosure or use by a Designating Party of its own Confidential Material.

19        5.     **Designating and Marking Confidential Material**: Confidential Material may be

20    designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by any party or any party's

21    counsel at any time.  Confidential Material may also be designated as "CONFIDENTIAL" or

22    "HIGHLY CONFIDENTIAL" at the time of disclosure by any non-party Disclosing Party.  The

23    failure to designate Confidential Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

24    before or at the time of disclosure shall not operate as a waiver of any party's right to designate said

25    information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  In the event that

26    Confidential Material is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after

27    disclosure, a Receiving Party shall, pursuant to paragraph 8 below, employ reasonable efforts to

28    ensure that all such information is subsequently treated as "CONFIDENTIAL" or "HIGHLY

1    CONFIDENTIAL" pursuant to the terms of this Protective Order.  Confidential Material to be

2    designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order

3    shall be designated and marked as follows:

4              (a)    Documents.  Documents may be designated as "CONFIDENTIAL" by

5          placing the following legend, or equivalent thereof, on any such document:

6                               "CONFIDENTIAL"

7          Documents may be designated as "HIGHLY CONFIDENTIAL" by placing the following

8          legend, or equivalent thereof, on any such document:

9                          "HIGHLY CONFIDENTIAL"

10         Such legends shall be placed upon every page of each document containing Confidential

11         Material.  In lieu of marking the originals of documents, the party may mark the copies that

12         are produced, exchanged, filed or served.

13             (b)    Non-Paper Media.  Where Confidential Material is produced in a non-paper

14         medium (e.g., video tape, audio tape, computer disks, etc.), the appropriate confidentiality

15         notice as described in ¶ 5(a) above should be placed on the medium, if possible, and its

16         container, if any, so as to clearly give notice of the designation.  To the extent that any

17         Receiving Party prints any of the information contained on non-paper media that is

18         designated as Confidential Material, such printouts shall be marked as described in

19         ¶ 5(a) above by the Receiving Party.

20             (c)    Physical Exhibits.  The confidential status of a physical exhibit shall be

21         indicated by placing a label on said physical exhibit with the appropriate confidentiality

22         notice as described in ¶ 5(a) above.

23             (d)    Written Discovery.  In the case of Confidential Material incorporated in

24         answers to interrogatories or responses to requests for admission, the appropriate

25         confidentiality notice as described in ¶ 5(a) above shall be placed only on the first page of

26         the document and on each answer or response that actually contains Confidential Material.

27    6.    **Deposition Proceedings**: Counsel for the parties agree that the Designating Party

28    shall make a good faith effort to designate as Confidential Material only those specific portions of a

-5-

1    deposition transcript that contain Confidential Material.  In the case of non-party witnesses, any

2    party or the non-party witness, his or her employer or his or her counsel may designate information

3    revealed as Confidential Material either by a statement to such effect on the record in the course of

4    the deposition, or in writing within 7 days of receipt of the deposition by the non-party witness'

5    counsel.

6         The court reporter or other person recording the proceedings shall segregate any portion of

7    the transcript of the deposition or hearing which has been stated to contain Confidential Material

8    and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent, to

9    the Court and to counsel for the parties bound by the terms of this Protective Order.  The court

10   reporter may be asked to prepare CONFIDENTIAL, HIGHLY CONFIDENTIAL, or non-

11   confidential versions of the transcript, as appropriate.  All video and/or audio copies of depositions

12   that have been stated to contain, in whole or in part, Confidential Material, shall be marked

13   CONFIDENTIAL or HIGHLY CONFIDENTIAL in their entirety, depending on the highest level

14   of Confidential Material contained in the deposition.

15        With regard to designations made within seven (7) days after receipt of the transcript of a

16   deposition, counsel shall make such designations by sending written notice to the court reporter, to

17   counsel for the parties and to any other person known to have a copy of said transcript.  The notice

18   shall reference this Protective Order, identify the appropriate level of confidentiality and identify

19   the pages and/or exhibits so designated.  All copies of transcripts designated in this fashion shall be

20   marked with a notice indicating the appropriate level of confidentiality of the material and shall be

21   governed by the terms of this Protective Order.

22        7.    **Designating Inspections of Documents and Tangible Items:**  Where discovery is

23   provided by allowing access to documents or tangible things for inspection instead of delivering

24   copies of them, the producing party shall designate, in advance of their production, all HIGHLY

25   CONFIDENTIAL INFORMATION.

26        8.    **Inadvertent Nondesignation:**  The failure to designate Confidential Material as

27   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before or at the time of disclosure shall not

28   operate as a waiver of any party's right to designate said information as "CONFIDENTIAL" or

1   "HIGHLY CONFIDENTIAL."  In the event that Confidential Material is designated as

2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after disclosure, a Receiving Party shall

3   employ reasonable efforts to ensure that all such information is subsequently treated as

4   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Protective

5   Order.  Disclosure of such Confidential Material to persons not authorized to receive that

6   information before receipt of the confidentiality designation shall not be deemed a violation of this

7   Protective Order.  However, in the event the document has been distributed in a manner inconsistent

8   with the designation, a Receiving Party will take the steps necessary to conform distribution to the

9   designation: *i.e.*, returning all copies of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

10  document, or notes or extracts thereof, to the persons authorized to possess such documents.  In the

11  event distribution has occurred to a person not under the control of a Receiving Party, a request for

12  return of the document, and for an undertaking of confidentiality, shall be made in writing.  In the

13  event the request is not promptly agreed to in writing, or in the event there is no response, or in the

14  event that the party deems the making of the request to be a futile act, the party shall promptly

15  notify the Disclosing Party of the distribution and all pertinent facts concerning it, including the

16  identity of the person or entity not under the control of the Receiving Party.

17      9.      **Misdesignation**:  A Disclosing Party will use reasonable efforts to avoid

18  designating, or to de-designate in a reasonable time after request, any document or information as

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that is not entitled to such designation or that

20  is generally available to the public.

21      10.     **Challenging Designation of Materials**:  Any Receiving Party disagreeing with the

22  designation of any document or information as "CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL" shall notify the Disclosing Party in writing.  The Disclosing Party shall then

24  have a reasonable period, not exceeding five (5) court days, from the date of receipt of such notice

25  to: (1) advise the Receiving Party whether or not the Disclosing Party persists in such designation;

26  and (2) if the Disclosing Party persists in the designation, to explain the reasons for the particular

27  designation. The Receiving Party may then, after advising the Disclosing Party, move the Court for

28  an order removing the particular designation and replacing it with a different designation or no

- 7 -

1  designation. The Designating Party who asserts that the document or information is

2  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of proving that the

3  designation is proper. Information designated "CONFIDENTIAL" or "HIGHLY

4  CONFIDENTIAL" by a Disclosing Party shall be treated as such by a Receiving Party unless

5  otherwise agreed to by the parties or otherwise ordered by the Court or by any appellate court,

6  should appellate review be sought.

7         The failure of a Receiving Party to challenge expressly a claim of confidentiality or the

8  designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

9  at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that

10  the same is not in fact confidential or not appropriately designated for any reason.

11         11.  **Access to CONFIDENTIAL INFORMATION**: CONFIDENTIAL

12  INFORMATION, not including HIGHLY CONFIDENTIAL INFORMATION, may be used only

13  for purposes of this litigation and may be disclosed only to the following individuals: (a) persons

14  qualified to have access to HIGHLY CONFIDENTIAL materials pursuant to paragraph 12 below;

15  and (b) a party or employees of a party who have a need to know the information to assist counsel

16  in connection with the litigation. Other than the Court and authorized court personnel, the persons

17  described in this paragraph shall have access to the "CONFIDENTIAL INFORMATION" only

18  after they have been made aware of the provisions of this Protective Order and have manifested

19  their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A.

20         12.  **Access to HIGHLY CONFIDENTIAL INFORMATION**: HIGHLY

21  CONFIDENTIAL INFORMATION may be used only for purposes of this litigation and may be

22  disclosed only to the following individuals:

23            (a)  Outside Counsel: Outside counsel of record for the respective parties to this

24  litigation, including counsel's Support Staff and Outside Service Organizations;

25            (b)  In-House Counsel: In-house counsel of a party working on this litigation

26  (including in-house counsel's Support Staff);

27            (c)  Court Reporters: Court reporters taking testimony and their support

28  personnel;

1          (d)    The Court:  The Court and authorized court personnel; and

2          (e)    Outside Service Organizations:  As defined in paragraph 1(g) herein.

3          (f)    Consultants and Experts:  Experts or independent consultants retained by

4      counsel for assistance with respect to this litigation, provided that each such person has

5      complied with the procedures set forth below in paragraph 16, together with each such

6      person's necessary clerical and Support Staff.

7  Other than the Court and authorized court personnel, the persons described in this paragraph shall

8  have access to the "HIGHLY CONFIDENTIAL INFORMATION" only after they have been made

9  aware of the provisions of this Protective Order and have manifested their assent to be bound

10 thereby by signing a copy of the agreement attached hereto as Exhibit A.

11         13.    **List of Recipients:**  A list shall be maintained by counsel for the parties of the names

12 of all persons (except for the Court, authorized court personnel, counsel and their support personnel,

13 and consultants and experts not required to be disclosed under Federal Rule of Civil Procedure 26)

14 to whom Confidential Material is disclosed, or to whom the information contained therein is

15 disclosed, and such list shall be available for inspection by the Court and opposing counsel upon

16 request.  Similar but separate lists shall also be maintained with respect to Confidential Material

17 provided by third parties.

18         14.    **Jurisdiction of this Court:**  Each individual who receives any Confidential Material

19 hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any

20 proceedings relating to the performance under, compliance with or violation of this Protective

21 Order.

22         15.    **Witnesses:**  Nothing herein is intended to prevent showing a document designated as

23 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a person who the document indicates is an

24 author or authorized recipient of the document.  No copies of such documents shall be given to such

25 individuals for them to retain.  Furthermore, if a document or testimony makes reference to the

26 actual or alleged conduct or statements of a person who is a potential witness, the discussion by

27 counsel of such conduct or statements with such witness (without revealing any portion of the

28 document or testimony) shall not constitute a disclosure in violation of this Protective Order.

- 9 -

1  During deposition or trial testimony, counsel may disclose documents produced by a party to
2  current employees or officers of the Disclosing Party.

3       16.    **Experts and Consultants:** Before disclosing any CONFIDENTIAL
4  INFORMATION, including HIGHLY CONFIDENTIAL INFORMATION, to outside experts or
5  consultants, the party seeking to disclose such information shall require all outside experts or
6  consultants to execute Exhibit A hereto.

7       17.    **Court Reporters and Videographers:** Any court reporter or videographer who
8  records testimony in this action at a deposition shall be provided with a copy of this Protective
9  Order by the party noticing the deposition. That party shall advise the court reporter or
10  videographer, before any testimony is taken, that all documents, information or testimony
11  designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is and shall remain confidential
12  and shall not be disclosed, except as provided in this Protective Order. The noticing party shall
13  further advise the court reporter and videographer that copies of all transcripts, reporting notes and
14  all other records of any such testimony must be treated in accordance with this Protective Order,
15  delivered to attorneys of record, or filed under seal with the Court consistent with paragraph 18,
16  below.

17       18.    **Filing Confidential Material With the Court:** Notwithstanding any designation of
18  Confidential Material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
19  INFORMATION, and notwithstanding any other provision of this Stipulated Protective Order,
20  Confidential Material may be filed with the Court under seal only upon a particularized showing of
21  good cause, or, if the information sought to be protected is to be used in potentially dispositive
22  matters, a showing of compelling reasons.

23       19.    **Storage of Confidential Materials:** The Receiving Party shall use due care with
24  respect to the storage, custody, use and/or dissemination of Confidential Material. Among other
25  things, CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION
26  shall not be stored at any business premises of the Receiving Party unless such information is stored
27  in a secured area and accessible only to persons eligible to review such information.

28

**AMENDED STIPULATED PROTECTIVE ORDER**

20.   **Copies of Confidential Materials:**  Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of Confidential Material for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients.

21.   **Custody of Confidential Materials:**  Documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be maintained in the custody of counsel for the parties, except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of these documents may be retained by persons entitled to access of such documents under the terms of this Protective Order to the extent necessary for their study, analysis and preparation of the case.  A person with custody of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall maintain them in a manner that limits access to those persons entitled under this Protective Order to examine the documents so designated.

22.   **Procedure in Event of Non-Permitted Disclosure:**  Should any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the party responsible for the inadvertent disclosure shall use its best efforts to bind such person to the terms of this Protective Order; and shall (a) promptly inform such person of all the provisions of this Protective Order; (b) request such person to sign the agreement in the form attached hereto as Exhibit A; and (c) identify such person immediately to the Disclosing Party that designated the document as confidential.  The executed agreement shall promptly be served upon the party that designated the document as confidential.

- 11 -

23. **Limited Scope:** The purpose of this Protective Order is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

24. **No Waiver of Privilege or Work Product:** The terms of this Protective Order shall in no way affect a Disclosing Party's right to: (a) withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or the work-product doctrine, or (b) reveal or disclose to anyone any documents or information designated by that party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and containing no information designated by another party or third party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

25. **No Application to Public or Otherwise Available Information:** The restrictions and obligations set forth herein relating to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not apply to any information which: (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents in violation of this Protective Order; or (c) has come or shall come into a Receiving Party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if that person already has or obtains legitimate possession thereof.

26. **Conclusion of Litigation:** Unless counsel agrees otherwise in writing, within ninety (90) days of the final disposition of this action including any appeals, the attorneys for the parties shall return promptly to the Disclosing Party from whom they were obtained, all documents, other than attorney work-product, which have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or destroy same, and return or destroy all copies made thereof, including all documents, or copies provided by a Receiving Party to any other person. At the conclusion of the 90-day period, counsel for each party shall represent in writing under penalty of perjury that to his or her knowledge and belief the party has either returned or destroyed all Confidential Material in accordance with this order. Notwithstanding the foregoing, counsel for the parties shall be

- 12 -

1  permitted to retain a file copy of materials created during the course of the litigation, or made part

2  of the record, or which have been filed under seal with the Clerk of the Court and a copy of all

3  depositions, including exhibits, and deposition evaluations. Such file copies must be maintained

4  under the conditions of "HIGHLY CONFIDENTIAL" documents as set out herein.

5       27.    **Subpoenas in Other Actions**: In the event any person or Receiving Party having

6  possession, custody or control of any document or information produced in this action and

7  designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a Disclosing Party receives a

8  subpoena or other process or order to produce such information, such subpoenaed person or entity

9  shall notify by mail (via overnight delivery) the attorneys of record of the Disclosing Party claiming

10  such confidential treatment of the document sought by such subpoena or other process or order,

11  shall furnish those attorneys with a copy of said subpoena or other process or order, and shall

12  cooperate with respect to any procedure sought to be pursued by the party whose interest may be

13  affected. The Disclosing Party asserting the confidential treatment shall have the burden of

14  defending against such subpoena, process or order. Subject to any reasonable procedure sought to

15  be pursued by the party whose interest may be affected, the person or party receiving the subpoena

16  or other process or order shall be entitled to comply with it except to the extent the Disclosing Party

17  asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

18       28.    **Continuing Jurisdiction**: The Court retains jurisdiction even after termination of

19  this action to enforce this Protective Order and to make such amendments, modifications, deletions

20  and additions to this Protective Order as the Court may from time to time deem appropriate. The

21  disclosing parties reserve all rights to apply to the Court at any time, before or after termination of

22  this action, for an order: (i) modifying this Protective Order, (ii) seeking further protection against

23  discovery or use of CONFIDENTIAL INFORMATION, including HIGHLY CONFIDENTIAL

24  INFORMATION, or other documents or information, or (iii) seeking further production, discovery,

25  disclosure or use of claimed CONFIDENTIAL INFORMATION, including HIGHLY

26  CONFIDENTIAL INFORMATION, or other documents or information.

27       29.    **Obligations to Third Parties**: If the discovery process calls for the production of

28  information that a party does not wish to produce because the party believes its disclosure would

- 13 -

1  breach an express or implied agreement with a non-party to maintain such information in

2  confidence, the Disclosing Party shall give written notice to the non-party that its information is

3  subject to discovery in this litigation, and shall provide the non-party with a copy of this Protective

4  Order. When such written notice is given to the non-party, the Disclosing Party will advise the

5  potential Receiving Party that such notice has been given. The parties shall cooperate with each

6  other and the non-party in attempting to resolve any disputes over disclosure and with each other in

7  bringing unresolved disputes before the Court for resolution.

8       30.  **Headings:** The headings herein are provided only for the convenience of the parties,

9  and are not intended to define or limit the scope of the express terms of this Protective Order.

10

11  <u>**ORDER**</u>

12  IT IS SO ORDERED.

13  DATED: _Feb 17, 2011_          GREGORY G. HOLLOWS

14

15              United States ~~District~~ Judge
               mag.

16

17  APPROVED AS TO FORM:

18

19  DATED: January _12_, 2011  LAW OFFICES OF JACK D. JOSEPHSON, APC

20

21          By: _____
        Jack D. Josephson

22          Daniel J. Goularte
        Attorneys for Plaintiff

23          DAVID MURPHY

24

25  DATED: January _7_, 2011  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                MESSNER & REEVES, LLC

26

27          By: _____
        Charles C. Cavanagh

28          Attorneys for Defendant
        CHIPOTLE MEXICAN GRILL, INC.

- 14 -